IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | |
|---|---|
| JORGE COLOMER HAYLOCK, Prison ID # 55451-018, Plaintiff, v. BOBBY THOMPSON, et al., Defendants. | No. 1:18-CV-0151-BL |

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

Plaintiff sues Warden Bobby Thompson of Big Spring Flightline and GEO Corrections for monetary reimbursement for lost property. Compl. (doc. 2). The Court has granted Plaintiff permission to proceed with this case *in forma pauperis*. *See* PLRA Filing Fee Order (doc. 8). The District Judge has referred the case to the undersigned. *See* Order (doc. 14). Plaintiff has consented to have a United States Magistrate Judge conduct any and all further proceedings in this case, including entry of a final judgment, in accordance with 28 U.S.C. § 636(c). *See* Consent to Proceed Before a United States Magistrate Judge (doc. 9).

Plaintiff succinctly claims that the defendants and their subordinates lost his property. Compl. at 3. He explains that he was taken to a hospital for treatment following a beating by inmates and that during that time his property was lost. *See id.* at 4. After the Warden denied a tort claim, Plaintiff commenced this litigation. *See id.* Plaintiff seeks reimbursement in the amount of $1,000.00 for his lost property and his court fees. *Id.*

### I. SCREENING

Plaintiff proceeds with this case *in forma pauperis*. Therefore, this action is subject to *sua*

*sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B). In addition because he is a prisoner seeking redress from governmental entity or an officer or employee of such an entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A regardless of whether he proceeds *in forma pauperis*. *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). Both statutes provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b).

The Court may find a claim frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law, furthermore, when it is "based on an indisputably meritless legal theory." *Id.* at 327. A claim lacks an arguable basis in fact, when it describes "fantastic or delusional scenarios." *Id.* at 327-28. A complaint fails to state a claim upon which relief may be granted, on the other hand, when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Plaintiff claims that defendants and their subordinates lost his property. "However, 'random and unauthorized' deprivation of property, whether intentional or negligent, neither violates the Constitution nor states a claim under 42 U.S.C. § 1983 when adequate state post-deprivation remedies are available." *Dotson v. Thaler*, No. 3:10-V-1878-N-BH, 2010 WL 5094020, at *1 (N.D. Tex. Nov. 3, 2010) (recommendation of Mag. J. quoting *Hudson v. Palmer*, 468 U.S. 517, 533 (1984), *accepted by* 2010 WL 5094018 (N.D. Tex. Dec. 14, 2010). Of course, because Plaintiff brings this civil suit based upon acts or omissions of federal actors, 42 U.S.C. § 1983 does not provide a proper basis for

this action. *See Jennings v. Clay*, No. 2:13-CV-0015, 2013 WL 3388403, at *4 (N.D. Tex. July 8, 2013). Nevertheless, even though *Hudson* and its related case *Parratt v. Taylor*, 451 U.S. 527 (1981) (overruled in part on grounds not relevant here), "apply on their face to state prison officials, the Fifth Circuit has extended this holding to federal prisoners" in *Sun v. United States*, 49 F.3d 728, 1995 WL 103351 (5th Cir. Mar. 1, 1995) (per curiam). *Salter v. Nickerson*, No. 5:12-CV-22, 2013 WL 866198, at *9 (E.D. Tex. Jan. 25, 2013) (recommendation of Mag. J.) *adopted by* 2013 WL 866475 (E.D. Tex. Mar. 7, 2013); *accord Aguiar v. Stancil*, No. 1:18-CV-235-P, 2018 WL 4139494, at *4 (W.D. La. July 6, 2018) (recommendation of Mag. J.) *adopted by* 2018 WL 4138963 (W.D. La. Aug. 29, 2018).

A federal prisoner "has at least two statutory avenues to pursue compensation for his lost or destroyed property." *Aron v. Green*, No. 4:14-CV-109-A, 2014 WL 1917543, at *4 (N.D. Tex. May 12, 2014). First, a "prisoner complaining of lost or destroyed property can pursue a claim for his damaged property through the Bureau of Prisons's [("BOP")] administrative remedies." *Id.* Section 3723(a)(1) of Title 31 of the United States Code provides "an administrative remedy for lost property claimants." *Ali v. Fed. Bureau of Prisons*, 552 U.S. 214, 228 n.7 (2008). Additionally, federal inmates have an adequate "post-deprivation remedy in the BOP Administrative Remedies Program," 28 C.F.R. §§ 542.10-.19. *Plummer v. Debbo*, No. CA 6:10-1224-MBS-WMC, 2010 WL 6749074, at *2 (D.S.C. May 26, 2010) (recommendation of Mag. J.) *adopted by* 2011 WL 2036349 (D.S.C. May 24, 2011). "Along with the administrative process of the Federal Bureau of Prisons, 31 U.S.C. § 3724 allows the Attorney General of the United States to settle" various claims, including claims for loss or damage to privately owned property. *Aguiar*, 2018 WL 4139494, at *4. Courts have "held that 31 U.S.C. § 3724 represents an adequate post-deprivation remedy for federal prisoners

3

complaining of deprivation of personal property." *Salter*, 2013 WL 866198, at *10 (listing cases).

Because adequate post-deprivation remedies are available, Plaintiff's claim of property deprivation "is foreclosed by *Parratt* and *Hudson*," as extended to federal actors. *See id.* His claim is thus "legally frivolous" and subject to dismissal with prejudice. *Dotson*, 2010 WL 5094020, at *1.

Plaintiff mentions that he submitted a tort claim to the Warden, but that submission neither affects the adequacy nor the availability of any post-deprivation remedy. If anything, such a submission may directly show the availability of a post-deprivation remedy. Furthermore, that Plaintiff may have already "availed himself" of a post-deprivation remedy does not affect whether his claims are subject to dismissal. *See Bowens v. U.S. Dep't of Justice*, 415 F. App'x 340, 344 (3d Cir. 2011) (per curiam); *accord Plummer v. Debbo*, No. CA 6:10-1224-MBS, 2011 WL 2036349, at *1-2 (D.S.C. May 24, 2011) (adopting recommendation of Mag. J.).

## II. LEAVE TO AMEND

In general, courts should provide pro se litigants an opportunity to amend before dismissing a complaint. *See Brewster v. Dretke*, 587 F.3d 764, 768 (5th Cir. 2009) (per curiam). However, leave to amend is not required when plaintiffs have already pled their "best case." *Id.* Whether to grant leave to amend is within the Court's sound discretion. *U.S. ex rel. Willard v. Humana Health Plan of Tex. Inc.*, 336 F.3d 375, 387 (5th Cir. 2003).

When exercising that discretion, courts must "examine whether an inmate's 'insufficient factual allegations might be remedied by more specific pleading.'" *Brewster*, 587 F.3d at 767 (quoting *Eason v. Thaler*, 14 F.3d 8, 9 (5th Cir. 1994)). However, the dismissal of this action is not based upon insufficient factual allegations that might survive preliminary screening with further factual development. Instead, the dismissal is "based upon a legally inarguable proposition," which pro-

4

vides a sound basis for the Court exercising its discretion to dismiss the action without an opportunity "to offer a more detailed set of factual claims." *See* Eason, 14 F.3d at 9. As recognized long ago, courts "should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone." *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

In this instance, Plaintiff has presented a concise complaint raising a single, legally frivolous claim against two defendants. While there is no legal basis for the claim asserted, the Court finds that Plaintiff has pled his best case and that there is no basis to permit any amendment.

### III. CONCLUSION

After considering Plaintiff's complaint and the applicable law, the Court **DISMISSES** this action with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A as legally frivolous. Although the Court dismisses this action with prejudice, the dismissal is without prejudice to Plaintiff pursuing available, post-deprivation remedies with respect to his lost property. This dismissal will count as a "strike" or "prior occasion" within the meaning of 28 U.S.C. § 1915(g).[1]

**IT IS SO ORDERED this 22 day of March, 2019.**

E. SCOTT FROST
**UNITED STATES MAGISTRATE JUDGE**

---

[1] Section 1915(g) is often referred to as the "three-strikes" provision and provides:
> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.